IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NEDOLANDEZ SANTOS, # 140896,   :

    Plaintiff,                    :

vs.                             :   CIVIL ACTION 11-0059-CG-M

ALABAMA DEPARTMENT              :
OF CORRECTIONS, et al.
                                  :

    Defendants.
                                  :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. For reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

>  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff has three actions that were previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Santos v. Hutto, et al., CA No. 09-0135-TMH-TFM (N.D. Ala. May 19, 2009); Santos v. Flemmings, et al., CA No. 09-0787-TMP-WO (M.D. Ala. Dec. 17, 2009); and Santos v. Flowers, et al., CA No. 09-01087-ID-TFM (M.D. Ala. Jan. 19, 2010). The fact that he has these prior dismissals, which will subject all his future in forma pauperis actions to review under 28 U.S.C. § 1915(g), was brought to his attention when Santos v. Mitchem, et al., CA No. 10-02057-IPJ-PWG (N.D. Ala. Aug. 3, 2010), was dismissed pursuant to § 1915(g). He, however, did not report the preceding four actions when this

information was requested of him on the Court's complaint form. (Doc. 1 at 3). Notwithstanding this failure, his three prior dismissals qualify the present Complaint for treatment under § 1915.

Thus, in order to avoid the dismissal of the present Complaint pursuant to § 1915(g), Plaintiff must satisfy the exception to § 1915(g), which requires that he show at the time of the Complaint's filing, he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

In analyzing the Complaint's allegations, many of which are contained in sentences with scrambled syntax, the Court finds that the allegations begin when Plaintiff was assaulted on December 17, 2010, which resulted in him being placed in segregation and prohibited from participating in trade school, and caused him to live in conditions that he found objectionable, such as, receiving cold food, living two to a cell, not receiving medical treatment for a broken rib, etc. Since filing the Complaint, Plaintiff has filed

3

a myriad of amended complaints (Docs. 3, 9, 13, 26) which re-allege some of the Complaint's allegation and add other claims and defendants. However, when Plaintiff filed the Complaint on February 3, 2011 (Doc. 1), the allegations do not show that he was under "imminent danger of serious physical injury" at that time. That is, the event that is related to a serious physical injury, his assault, transpired on December 17, 2010, well before the Complaint was filed on February 3, 2011. "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g). . . ." Id. Accordingly, the December 17, 2010, assault does not satisfy § 1915(g)'s exception because the event occurred at a time prior to the Complaint's filing. Id.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action);

4

<u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), <u>cert. denied</u>, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

5

made and the basis for the objection. The
objecting party shall submit to the district
judge, at the time of filing the objection,
a brief setting forth the party's arguments
that the magistrate judge's recommendation
should be reviewed de novo and a different
disposition made. It is insufficient to
submit only a copy of the original brief
submitted to the magistrate judge, although
a copy of the original brief may be
submitted or referred to and incorporated
into the brief in support of the objection.
Failure to submit a brief in support of the
objection may be deemed an abandonment of
the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 5th day of April, 2011.

s/ Bert W. Milling, Jr.
UNITED STATES MAGISTRATE JUDGE