IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NEDOLANDEZ SANTOS                   :

    Plaintiff,                   :

vs.                                 :       CIVIL ACTION 11-0059-CG-M

ALABAMA DEPARTMENT OF               :
CORRECTIONS, et al.,
                           :

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to
Proceed Without Prepayment of Fees and Affidavit, construed and
docketed as (and hereinafter referred to as) a Motion For Leave
to Appeal In Forma Pauperis (Doc. 50), which has been referred
to the undersigned pursuant to 28 U.S.C. § 636(b)(3).  For the
reasons set forth below, it is recommended that the Motion for
Leave to Appeal In Forma Pauperis be denied because the appeal
is frivolous and not taken in good faith.

On May 2, 2011, Plaintiff Nedolandez Santos, an Alabama
prison inmate proceeding *pro se* in this 42 U.S.C. § 1983 action,
filed a Notice of An Appeal (Doc. 44) of the District Judge's
Order dated April 15, 2011 (Doc. 39), adopting the Report and
Recommendation (Doc. 30), and dismissing this action without
prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff had
three prior actions that were frivolous, malicious, or failed to

state a claim upon which relief can be granted (which he had

failed to report, as required, in his complaint in this action);

he did not satisfy the exception to § 1915(g) that, at the time

of filing this complaint, he was under imminent danger of

serious physical injury; and he had not paid the full $350.00

filing fee at the time of filing this action (Doc. 30).

Judgment was also entered on April 15, 2011 (Doc. 40).

Plaintiff filed his request to proceed on appeal *in forma*

*pauperis* on June 27, 2011 (Doc. 50).

Notwithstanding a finding of economic eligibility, "[a]n

appeal may not be taken *in forma pauperis* if the trial court

certifies in writing that it is not taken in good faith."  28

U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia,* 189

F.R.D. 687, 691 (M.D. Fla. 1999).  An appeal is not taken in

good faith if it is plainly frivolous.  *United States v.*

*Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v.*

*United Technologies Corp.,* 15 F.Supp.2d 1285, 1289 (M.D. Fla.

1998)(appeal is not taken in good faith when it fails to "seek[]

appellate review of any issue that is not frivolous"), *aff'd,*

193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130

F.Supp. 445 (D.C. 1955)("good faith" means the existence of a

substantial question or one which has merit and is not

frivolous); *Sejeck v. Singer Mfg. Co.,* 113 F.Supp. 281 (D.C.

N.J. 1953) ("in good faith" means that points on which appeal is

taken are reasonably arguable); *United States v. Gicinto,* 114 F.Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of the opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier V. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same). This Court, in its Order adopting the Report and Recommendation, after a de novo determination of those portions of the Recommendation to which objection was made, found that Plaintiff had failed to meet the requirements of 28 U.S.C. § 1915(g) since he had three or more previous actions that had been dismissed as frivolous, malicious or for failure to state a claim (Doc. 39). Hence, the Plaintiff must pay the full filing fee at the time of filing a new civil action or be excused from doing so because he faced imminent danger of serious physical injury at the time the new complaint is filed. Plaintiff did not pay the filing fee nor demonstrate that he was in imminent danger. Furthermore, Plaintiff has not claimed or pointed out in what way the Order is in error. Therefore, the Court finds that the appeal is frivolous and not taken in good faith and that the request to appeal *in forma pauperis* is due to be denied.

Notwithstanding Plaintiff's indigent status or the denial of permission to proceed on appeal *in forma pauperis*, because Plaintiff is a prisoner, 28 U.S.C. § 1915 (as amended by the Prison Litigation Reform Act) requires payment of the full amount of the filing fee.  After a review of Plaintiff's prisoner account statement for the most recent twelve-month period (Doc. 50), the Court **DIRECTS** the Commissioner of the Alabama Department of Corrections or his designee to withdraw twenty percent of the preceding month's income credited to the prisoner's inmate account and to remit that amount to the District Court Clerk each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid in full.  These payments shall clearly identify Plaintiff's name and the case number assigned to this action, and shall be paid by check made payable to "Clerk, U. S. District Court."  **Once adopted,** the Clerk is **DIRECTED** to send the Commissioner of the Alabama Department of Corrections and the business manager of the institution where Plaintiff is incarcerated a copy of this Report and Recommendation and the District Judge's Order adopting it.

In conclusion, it is recommended that Plaintiff's Motion for Leave to Appeal In Forma Pauperis be denied and that the District Judge certify in writing that Plaintiff's appeal is frivolous and not taken in good faith.  Since this

recommendation is made after a referral pursuant to 28 U.S.C.

§ 636(b)(3), Plaintiff does not have the opportunity to file an

objection. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th

Cir. 1998)("Section 636(b)(3) does not provide a party with then

days to file written objections with the district court."). The

Clerk is therefore **DIRECTED** to refer this Report and

Recommendation to the District Judge without the necessity of a

waiting period.

    DONE this 29th day of June, 2011.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE